**William F. Gary, OSB #770325**
**william.f.gary@harrang.com**
**C. Robert Steringer, OSB #983514**
**bob.steringer@harrang.com**
**Graham M. Sweitzer, OSB #025866**
**graham.sweitzer@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
1050 SW Sixth Avenue, Suite 1600
Portland, OR 97204
Telephone:     503-242-0000
Facsimile:     503-241-1458
Of Attorneys for Defendant CURA CS LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRIAN BLACKFORD, individually and on behalf of all others similarly situated,**<br><br>    Plaintiffs,<br><br>    vs.<br><br>**CURA CS LLC,**<br><br>    Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**Pursuant to 28 U.S.C. §§ 1331m 1332, 1441, 1446 and 1453 (Class Action Fairness Act)** |

Defendant Cura CS, LLC ("Cura") by and through its counsel, hereby gives notice of the removal of this action from the Multnomah County Circuit Court, Case No. 20CV25203 ("State Court Action"), to the United States District Court for the District of Oregon, Portland Division, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a), 1446 and 1453(b).

## I.    INTRODUCTION

Removal is proper because Plaintiff's recently filed Second Amended Class Action Complaint ("SAC") in the State Court Action asserts a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"), which provides this Court with original jurisdiction over this action pursuant to 28 U.S.C. § 1331(a).  Alternatively, removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, and at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a)

## II.    FACTUAL BACKGROUND

1.    Plaintiff Brian Blackford ("Plaintiff") commenced this putative class action by filing his initial Class Action Complaint ("Complaint") in the State Court Action on July 23, 2020. *See, Declaration of Graham Sweitzer ISO Notice of Removal ("Sweitzer Dec."),* Ex. 2(a).  In his initial complaint, Plaintiff alleged that Cura's Select Elite THC vaporizer cartridges (the "Select Elite Products") were mislabeled because they contained less tetrahydrocannabinol ("THC"), the main psychoactive ingredient in cannabis, than they purported to contain. *Id.,* ¶ 1.  Plaintiff sought through his initial Complaint compensatory damages to be decided at trial by a jury, but in excess of $10 million. *Id., passim.*

2.    Based on the alleged theory of deception, Plaintiff asserted a claim under Oregon's Unlawful Trade Practices Act, ORS 646.605 *et seq.* ("UFTA") as well as common-law claims for breach of express warranty, breach of implied warranty, unjust enrichment, and fraud. *Sweitzer Dec., Ex. 1,* ¶¶ 21-61.  Plaintiff asserted these claims on his own behalf and on behalf of a putative class consisting of "[a]ll persons who purchased the Select Elite THC Products with a THC Claim in Oregon." *Id.* ¶ 3.

3.     Plaintiff filed his First Amended Complaint ("FAC") on September 18, 2020. *Sweitzer Dec.,* Ex. 2(g).  Like his initial Complaint, Plaintiff's FAC asserted a claim under the UTPA as well as common-law claims for breach of express warranty, breach of implied warranty, unjust enrichment, and fraud. *Id.,* ¶¶ 21-61.  Plaintiff again asserted these claims on his own behalf and on behalf of a putative class consisting of "[a]ll persons who purchased the Select Elite THC Products with a THC Claim in Oregon." *Id.* ¶ 3.

4.     Plaintiff filed the operative SAC on August 2, 2021.  *Sweitzer Dec., Ex. 1.*  In the SAC, Plaintiff asserted - for the first time - a claim under the MMWA. *Id.,* ¶¶ 62-70.  Plaintiff also re-asserted his claim under the UTPA, as well as common-law claims for breach of express warranty, breach of implied warranty, unjust enrichment, and fraud. *Id.,* ¶¶ 21-61.  Of note, Plaintiff alleged for the first time in his SAC that he is asserting these claims on his own behalf and on behalf of a putative class consisting of "[a]ll persons who purchased the Select Elite THC Products with a THC Claim in the United States." *Id.* ¶ 3.  Plaintiff again says he is pursuing compensatory damages to be decided by a jury, in excess of $10 million, but then identifies in his Prayer for Relief a damages figure of not more than $133 million. *Id., passim.*

5.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the State Court Action file is attached to the Declaration of Graham M. Sweitzer that accompanies this Notice of Removal and is incorporated by reference herein.  The file includes all process, pleadings, motions and orders filed in the State Court Action, including the operative SAC (**Exhibit 1**) and all other documents filed with the state court (**Exhibits 2(a) – (h)**).

### III.    REMOVAL IS PROPER UNDER 28 U.S.C. § 1331

5.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d).  This action may be removed pursuant to 28 U.S.C. §

1441(b) because Plaintiff's SAC includes a claim against Defendant Cura under the MMWA and seeks affirmative relief and damages under said claim in excess of $50,000.00.

6.      A cause of action "arises under" federal law within the meaning of Section 1331 if federal law supplies the plaintiff's cause of action. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

7.      Because Plaintiff's MMWA claim is a "claim arising under federal law," this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. *King ex rel. King v. Aventis Pasteur, Inc.*, 210 F. Supp. 2d 1201, 1206 (D. Or. 2002), *quoting Ultramar America, Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir.1990); *McFadden v. Dryvit Sys., Inc.,* No. CV-04-103-ST, 2004 WL 2278542, (D. Or. Oct. 8, 2004) (noting that "this Court has original jurisdiction over the federal MMWA statutory claim under 20 USC §1331").

### IV.     REMOVAL IS ALSO PROPER UNDER CAFA – 28 USC . § 1332(d)

8.      CAFA provides that a Federal District Court shall have original jurisdiction of any civil class action in which: (a) the matter is a class action as defined by 28 U.S.C. § 1332(d)(1)(B); (b) any member of the proposed class is a citizen of a state different from any defendant; (c) there are 100 or more members in the plaintiffs' proposed class; and (d) the amount placed in controversy by the claims of the class members exceeds the sum of $5,000,000. 28 U.S.C. § 1332(d). All of these criteria are met here.

9.      Under CAFA, there is no presumption against removal to Federal Court. *See Dart Cherokee Basin Operating Co v. Owens*, 574 U.S. 81, 89 (2014).  Unless a plaintiff challenges removal, an assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary submissions." *Id.* at 84; *see also Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017) (noting in a case removed under CAFA that a court

must rely on "the allegations contained in the complaint" in determining the amount in controversy).

10. A defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*; *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (applying *Dart Cherokee* standard to removal under CAFA); *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (holding that a "preponderance of the evidence" standard applies only after "a defendant's assertion of the amount in controversy is challenged") (citations and internal quotation marks omitted).

### a. The Putative Class Is Sufficiently Numerous

11. Plaintiff purports to bring this action on behalf of "[a]ll individuals in the United States who purchased Select Elite Products." SAC ¶ 19.

12. Plaintiff alleges that "members of the class number in the tens or hundreds of thousands." *Id.* ¶ 20. That is sufficient to satisfy CAFA's requirement that the putative class consist of at least 100 individuals. *See* 28 U.S.C. § 1332(d)(5)(B).

### b. The Parties Are Minimally Diverse

13. Cura is a limited liability company incorporated under the laws of the state of Oregon. SAC ¶ 7. Cura's principal Oregon office is located in Portland. *Id.*

14. Plaintiff resides in Portland. *Id..* ¶ 1. He seeks to represent a putative class consisting of "[a]ll persons who purchased the Select Elite THC Products with a THC Claim in the United States." *Id.* ¶ 3.

15. Because the proposed nationwide class includes individuals who are not citizens of Oregon, the minimal diversity requirement is satisfied because at least one proposed class member is diverse from at least one defendant. *See*, 28 U.S.C. § 1332(d)(2)(A) (extending subject matter jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *See also, In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, No. MDL 33-1439(B), 2008 WL 3896209 (D. Or. Aug. 18, 2008) ("The proponent may show minimal diversity by demonstrating that any class member is a citizen of a state different from any defendant.").

### c. There Is at Least $5,000,000 in Controversy

16. "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 Fed.Appx. 806, 807 (9th Cir. 2017).

17. To satisfy the amount in controversy requirement, a defendant must establish only that "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)). The "amount in controversy is not a prospective assessment of [a] defendant's liability"; instead, "it is the amount at stake in the underlying litigation." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citations and internal quotation marks omitted).

18. "The amount in controversy is the 'amount *at stake* in the underlying litigation'." *Greene v. Harley-Davidson, Inc.,* 965 F.3d 767, 772 (9th Cir. 2020), *quoting Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (emphasis in original). "Amount at stake" does not mean likely or probable liability; rather, it refers to possible liability. *Id.*

19. Although Plaintiff's SAC does not specify a precise amount of damages, he identifies in the caption of the SAC that his claimed amount exceeds $10 million. *See*, SAC, *passim*. Additionally, in his prayer for relief Plaintiff asks for "compensatory damages in amounts to be determined by the jury, but not to exceed [$133 million]." *Id.*

20. When Plaintiff attempts to articulate the basis for his claims to recover millions of dollars in damages he alleges that Cura's Select Elite products are underfilled by approximately 28.48%. *See* SAC ¶ 18. As a remedy for this alleged "underfilling," Plaintiff seeks to recover damages equivalent to "either the full amount of the purchase price of the Select Elite Products or the difference in value between the Products as warranted and the Products as sold." *Id.,* ¶ 26.

21. Cura's sales records indicate that sales of the Select Elite Products during the class period exceed $5 million. Indeed, even if Plaintiff were to recover only 28.48% of total sales of the Select Elite Products as damages, that amount would exceed $5 million. Thus, while Cura does not admit that the Select Elite Products are underfilled or that Plaintiff is entitled to recover anything, it is "reasonably possible" that Plaintiff's allegations, if proven true, would entitle him to recover at least $5 million in class-wide damages. *Greene*, 965 F.3d at 775. Thus, Plaintiff's request for damages nonetheless places at least $5 million in controversy, which satisfies CAFA's jurisdictional threshold.

22. In addition to actual and statutory damages, Plaintiff states his intent to pursue punitive damages. *See,* SAC ¶ 60. When a plaintiff seeks punitive damages in her complaint, courts consider those potential damages in calculating the amount in controversy. *Ramos v. Bimbo Bakeries USA, Inc.,* No. CV 10-1125-PK, 2010 WL 5487535, (D. Or. Dec. 3, 2010), citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943).

23. In assessing the amount in controversy, the Ninth Circuit does not require a "likelihood" that the plaintiff will "prevail[] on the punitive damages claim," and it has directed district courts not to inquire into the merits of the punitive damages claim or whether the case is factually analogous to other cases in which courts have awarded punitive damages. *Greene*, 965 F.3d at 771-73 (holding that district court erred in requiring Harley-Davidson to "compar[e] and analogiz[e] the underlying factual allegations" to those in other cases where the courts awarded punitive damages).

24. Plaintiff also seeks to recover attorneys' fees. *See* SAC ¶ 61. For purposes of assessing the amount in controversy, the Court is not limited to considering fees incurred at the

time of removal; rather, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy includes fees likely to be incurred after removal).

25. Fee requests in consumer class actions, such as this case, are typically significant. *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (awarding attorneys' fees of $2.04 million as part of the settlement of consumer class action); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06-5173, 2008 WL 1956267, at *16 (S.D.N.Y. May 1, 2008) (awarding class counsel $1.6 million in attorneys' fees and expenses in breach-of-warranty class action). It is "reasonably possible" that Plaintiff could obtain such a fee award in this case if he were to prevail on the merits or reach a class-wide settlement. *Greene*, 965 F.3d at 775.

26. Therefore, when aggregated, Plaintiff's request for compensatory damages, punitive damages and attorney's fees places in controversy at least $5 million, which meets if not readily exceeds CAFA's $5 million amount-in-controversy requirement.

## V.    VENUE IS PROPER

27. Venue is proper in this Court because Plaintiff filed his complaint in Multnomah County Circuit Court, which is located in this District. See 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

## VI.    REMOVAL IS TIMELY

28. Ordinarily, under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within thirty days of the defendant's receipt of the summons and complaint. However, "if

the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

29.     Here, this action was not removable before August 2, 2021, when Plaintiff filed the SAC that (i) raised for the first time claims under the Federal MMWA and (ii) expanded the putative class to include all purchasers of Select Elite Products in the United States.  Earlier versions of Plaintiff's Complaint asserted only state-law claims on behalf of a class of Oregon consumers who purchased Cura's Select Elite products.  Absent any federal claim or minimal diversity between Cura and the putative class Plaintiff purports to represent, there was no basis for removal of this matter before August 2, 2021.

30.     28 U.S.C. § 1446(c)(1), which provides that an action may not be removed "on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action," does not apply to this case.  To the extent Cura seeks removal based on federal-question jurisdiction under 28 U.S.C. § 1331, Section 1446(c)(1)—which concerns removal "on the basis of jurisdiction conferred by section 1332"—does not apply.  To the extent Cura seeks removal based on CAFA, that statute expressly provides that "the 1-year limitation under section 1446(c)(1) shall not apply."  28 U.S.C. § 1453(b).

## VII.    NOTICE TO STATE COURT AND OTHER PARTIES

31.     Pursuant to 28 U.S.C. § 1446(d), Notice of this Removal is being provided to the Multnomah County Circuit Court and Plaintiff's attorney concurrently with this filing.

## VIII.    STATE COURT FILINGS

32.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and documents from the state court action that have been served upon Cura are attached as Exhibits 1 and 2 to the supporting Declaration of Graham M. Sweitzer filed herewith.

## IX.  NO WAIVER OR ADMISSIONS

33. By notice of this removal, Cura does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to Plaintiff's claims in this action. Defendant intends no admission of fact, law or liability by this notice, and expressly reserves all defenses and motions.

DATED this 19th day of August, 2021.

                       HARRANG LONG GARY RUDNICK P.C.

                       By:  s/ Graham M. Sweitzer
                           William F. Gary, OSB #770325
                           william.f.gary@harrang.com
                           C. Robert Steringer, OSB #983514
                           bob.steringer@harrang.com
                           Graham M. Sweitzer, OSB #025866
                           graham.sweitzer@harrang.com

                           Of Attorneys for Defendant CURA CS LLC

## CERTIFICATE OF SERVICE

I certify that on August 19, 2021, I served or caused to be served a true and complete copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** on the party or parties listed below as follows:

  ☑  Via CM / ECF Filing
  ☑  Via First Class Mail, Postage Prepaid
  ☐  Via Email

Cody Hoesly, OSB 052860
choesly@lvklaw.com
Larkins Vacura Kayser LLP
121 SW Morrison Street, Suite 700
Portland, OR 97204
503-222-4424

Frederick J. Klorczyk III, *pro hac vice* forthcoming
fklorczyk@bursor.com
Neal J. Deckant, *pro hac vice* forthcoming
ndeckant@bursor.com
Brittany Scott, *pro hac vice* forthcoming
bscott@bursor.com
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
925-300-4455

Attorneys for Plaintiff

Nick Suciu, *pro hac vice* forthcoming
nicksuciu@bmslawyer.com
Barbat, Mansour, Suciu and Tomina PLLC
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
313-303-3472

Attorneys for Plaintiffs

        HARRANG LONG GARY RUDNICK P.C.

        By: s/ Graham M. Sweitzer
         William F. Gary, OSB #770325
         C. Robert Steringer, OSB #983514
         Graham M. Sweitzer, OSB #025866
         Of Attorneys for Defendant CURA CS LLC

Page 11 –  **NOTICE OF REMOVAL OF CIVIL ACTION**